UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| EMILY KIRK, | ) |
| | ) **Case No.: 10-cv-1942** |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WINDHAM PROFESSIONALS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, EMILY KIRK ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, WINDHAM PROFESSIONALS, INC., alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Illinois, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

**PARTIES**

6. Plaintiff is a natural person who resides in Chicago, Cook County, Illinois and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with its headquarters in Salem, New Hampshire

8. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Defendant has constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

10. Defendant threatened criminal charges against Plaintiff while seeking and demanding payment for the alleged consumer debt. Specifically, Defendant stated "if you go to jail, who is the one person you're going to call?"

11. Defendant threatened to file a lawsuit against Plaintiff if Plaintiff did not pay the alleged debt. Specifically, Defendant stated "you need to find this money immediately, if you don't pay immediately, they will take you to court and we will add $15,000.00 an you will pay attorneys fees and costs."

12. Defendant threatened to garnish Plaintiff's wages while seeking and demanding payment for the alleged consumer debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

13. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

14. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at a time and place known to be inconvenient.

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abusive Plaintiff.

   c. Defendant violated *§1692d(2)* of the FDCPA by using abusive language in an attempt to collect the debt.

   d. Defendant violated *§1692d(5)* of the FDCPA by causing the phone to ring and engaging Plaintiff in telephone conversations repeatedly.

   e. Defendant violated *§1692e* of the FDCPA by making false, deceptive, and misleading representations concerning debt collection.

   f. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's debt.

   g. Defendant violated *§1692e(4)* of the FDCPA by threatening that the nonpayment of the alleged debt will result in garnishment or imprisonment.

   h. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so.

     i. Defendant violated *§1692e(7)* of the FDCPA by misrepresenting that Plaintiff committed a crime in order to disgrace Plaintiff.

     j. Defendant violated *§1692e(10)* of the FDCPA by making false representations and engaging in deceptive means to collect a debt.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

15. Declaratory judgment that the Defendant's conduct violated the FDCPA.

16. Statutory damages of $1000.00 pursuant to the FDCPA, 15 U.S.C. 1692k.

17. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

18. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

BY: /s/ Adam J. Krohn
Adam J. Krohn, Esq.
KROHN & MOSS, LTD.
120 W. Madison St., 10th Floor
Chicago, IL 60602
(312) 578-9428
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, EMILY KIRK, hereby demands trial by jury in this action.

(STATE OF ILLINOIS)

Plaintiff, EMILY KIRK, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, EMILY KIRK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: March 23, 2010        _____
                             EMILY KIRK,
                             Plaintiff

866 - 583 - 3695  fax